**Joseph James Norita Camacho**
Attorney-at-Law
3rd Floor, Bank of Guam Bldg., Garapan
P.O Box 5506 CHRB
Saipan, MP 96950
(670) 233-8536/8537
(670) 233-8538 fax

**Attorney for** Yan Jin Shi

F I L E D
Clerk
District Court

JUL 2 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO.04-00029 |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR CERTIFICATION |
| | ) | **OF EXCESS COMPENSATION** |
| | ) | PURSUANT TO 18 U.S.C §3006A (d) |
| VS. | ) | (3) AND 18 U.S.C. §300A (E) (3) AND |
| | ) | APPLICATION FOR FINAL PAYMENT |
| YAN, JIN SHI | ) | FOR **INTERPRETER ABY LEUNG.** |
| Defendant. | ) | |

**COMES NOW,** Joseph James Norita Camacho, court-appointed counsel for Defendant Yan, Jin Shi in the above matter, and hereby applies for certification of excess compensation for the **court appointed interpreter, Aby Leung,** pursuant to 18 U.S.C. § 3006A (d)(3) for the representation of Defendant, for services of unusual character or duration pursuant to 18 U.S.C 3006A § (e)(3) and for final payment.

### FACTS

The court may take Judicial Notice of the Following: the Court Approved the retention Aby Leung as the interpreter for the defendant, Yan, Jin Shi. Aby Leung was appointed pursuant to the Criminal justice Act of 1964, 18 U.S.C. 3006A since the Defendant was found to be financially unable to obtain adequate representation.

On or about July 08, 2004, Yan Jin Shi was changed by indictment with the following counts:

**Count 1** - Conspiracy to collect Extensions of credit by Extortionate Means. Between about the fall of 2003 and may 21, 2004 in the district of the Northern Mariana Islands and elsewhere defendants, YAN, Jin Shi and HUANG Jin Yong a.k.a "Ah Young" and others known and other unknown to the grand jury, unlawfully, willfully and knowingly, combined, conspired, confederated and agreed, together and with each other, to participate in the use of extortionate means to collect and attempt to collect extensions of credit, as such terms are defined in Title 18, United States Code, Section 891, and to punish persons for the non-repayment of said extension or credit.

This was in violation of Title 18, United States Code, Section 894.

**Count 2** - Collection of Extensions of Credit by Extortionate Means. Between January, 2004 and April 30, 2004, in the District of the Northern Mariana Islands and elsewhere, defendants, YAN, Jin Shi and HUANG Jin Yong a.k.a "Ah Young", wilfully and knowingly comma used and aided and abetted in the use of extortionate means to collect and attempt to collect extensions of credit, as such terms are defined in Title 18, United States Code, Section 891, and to punish persons for the non- repayment of said extensions of credit.

This was a violation of Title 18, United States Code, Sections 894 & 2.

## DISCUSSION

Because of the length of time the case took and its complexity, the interpreter, through Yan Jin Shi appointed counsel hereby request this court to certify that excess compensation is warranted in this matter to provide fair compensation to the interpreter and that a final payment is warranted.

Certain events required additional work and preparation. Including the review of voluminous Discovery with client, the viewing of surveillance video footage, the interpretation of two (2) separate

recorded conversation.

Furthermore, a few weeks before trial, Defendant was assaulted while being detained at DOC requiring counsel to investigate and address the situation if it was related to the present case.

## NOTICE TO THE UNITED STATES

Appointed counsel bring this matter before the Court without notice to the United States in its capacity as a party to the case nor is the district court required to notify the United States upon receipt of a request *In Re Baker,* 693 F.2d 925, 927 (9th Cir. 1982).

The Criminal Justice Act does not contemplate nor provide for any such adversary hearing. It excludes the Government from participation in the Act's compensation and reimbursement arrangements. Id.;*see* also *United States v. Feldman,* 788 F.2d 625, 626 (1986).

## FAIR COMPENSATION

According to the Guidelines for the Administration of the Criminal Justice Act, the Court must determine a fair reasonable fee using the following criteria; responsibilities involves measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services rendered; and any other circumstances relevant and material to determine of a fair and reasonable fee. *United States v. Diaz,* 802, F. Sup 304, 307 (C.D. Cal 1992)

In the *United States v. Cook,* supra, the court found that excess were necessary to provide the appointed attorney with the fair compensation. Its findings were based on the facts of the individual case, considering the time spent, the result achieved and other factors, which in the court's judgment lends meaning to the test.

The sixth amendment guarantees that all criminal defendants to represented by effective legal counsel- counsel who are reasonably diligent, conscientious and competent. *United States v. Bailey*, supra. This and other constitutional guarantees represent the corner of the American criminal justice system and ensure that the process is fundamentally fair.

## CONCLUSION

Without the assistance of the translator, Counsel would not have been able to prepare a complete and proper defense. Accordingly, the undersigned respectfully move this Honorable Court to grant full compensation in the **billings** of the **interpreter Aby Leung** submitted herewith.

Executed this 20th day of July 2005.

Joseph James Norita Camacho
Attorney for Yan, Jin Shi