**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-10000 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00029-ARM |
| v. | |
| JIN SHI YAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued and Submitted October 5, 2005
Hagatna, Guam

Before: SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and GEORGE**, District Judge.

In this appeal from a conviction for conspiracy to collect extensions of credit by extortionate means, in violation of 18 U.S.C. § 894, only one issue is before us. Jin Shi Yan assigns error to the denial of his motion

---

\*  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*  The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

for acquittal. We have reviewed the record and the relevant case law and affirm the judgment.

Three visiting workers from China who were employed under the immigration laws of the Commonwealth of the Northern Mariana Islands, became indebted to the appellant and his codefendant, Jin Yong Huang. One witness testified that the two creditors threatened her with violence, and two others testified that the creditors wrongfully took and withheld their passports. Witnesses also testified that Yan and Huang otherwise attempted to coerce payments of debts. In the course of the jury trial, two of the victims of the alleged coercion identified the appellant, but the principal witness was unable to identify Jin Shi Yan when he was asked to stand up in the courtroom. The appellant also was identified in a videotape that was made during a sting operation and in a photograph taken the day after the appellant's arrest. The jury could compare the appellant's appearance in the videotape and photograph with his appearance at the time of the trial, which had been substantially changed by weight gain and barbering.

The jury acquitted the two defendants of the count of the indictment charging physical violence, but convicted Yan of the conspiracy. The sole

basis of Yan's motion for acquittal was the failure of one witness, Ms. Fu, to identify Yan. She did identify the co-defendant, and corroborated the FBI agent's identification of Yan, as one of the persons shown in the video tape.

Ms. Fu, despite her inability to point out the appellant in the courtroom, had supplied to the investigating officer the license plate number of the automobile the appellant used to transport her to an isolated place where alleged threats were made. She also proved that she placed the call to the appellant to set up the videotaped sting in which she was pictured handing the appellant $100 in the course of the taped conversation. The jury had all of this evidence before it, on instructions that have not been challenged on appeal.

A motion for a judgment of acquittal should be granted only if, viewing the evidence in the light most favorable to the government, no rational trier of fact could find beyond a reasonable doubt that the defendant is the person who committed the charged crime. *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995). The government is entitled to all reasonable inferences that can be drawn from the evidence. *Id.* In this case, a rational trier of fact could reasonably infer that it was the appellant, despite his changed appearance, who engaged in conspiracy to collect extensions of credit by extortionate means.

AFFIRMED